**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Jose Acosta** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO. : 1:22-CV-571** |
| | § | |
| | § | |
| **UNUM Life Insurance Company** | § | |
| **of America** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Jose Acosta, Plaintiff herein, complaining of UNUM Life Insurance Company of America, (hereinafter referred to as "UNUM"), and for cause of action would show:

1.  Plaintiff is a citizen of Texas. He has a fixed residence in Texas with intent to remain there indefinitely. His fixed residence is San Antonio, Bexar County, Texas.

2.  Defendant, UNUM Life Insurance Company of America ("UNUM"), is an insurance corporation duly and legally formed under the laws of the state of Maine, which is authorized to conduct and does business in the state of Texas, and may be served with citation herein by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218.

3.      Jurisdiction is appropriate in this court as the matter in controversy arises under federal statutes.  Plaintiff is entitled to recover under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (ERISA), specifically including 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1133.  Plaintiff would show that he is a participant in or beneficiary of an employee welfare plan, which includes an insurance policy issued by UNUM.  Plaintiff brings this action to recover benefits, to enforce his rights under the terms of the plan, to clarify his right to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

4.      In 2019, Plaintiff was employed by the Center for Healthcare Services as a Mental Health Specialist when he became disabled.  Plaintiff was diagnosed with a Malignant Neoplasm of the urinary bladder in February 2019. He was hospitalized from December 16 through December 21, 2019 for surgical excision, followed by treatment with chemotherapy. After his treatment, he continues to suffer from cognitive dysfunction, lower extremity weakness, pain, and peripheral neuropathy

5.      By virtue of his employment, Plaintiff was insured for disability benefits under an insurance policy issued by Defendant.  Plaintiff properly submitted a claim to UNUM, identified as Claim No. 16237788,  which was initially approved, with payments beginning June 23, 2019. UNUM subsequently denied the claim, effective February 2, 2021.

6.      The policy at issue in this case was used in Texas and is subject to Chapter 1701 of the Texas Insurance Code. It was offered, issued, renewed, or delivered on or after February 1, 2011, and is subject to the laws of Texas. Any Discretionary Clause is void under Texas law and UNUM's decision to deny Plaintiff's claim is subject to *de novo* review pursuant to 28 Tex. Admin. Code § 3.1201.

7.      Plaintiff properly appealed the denial of his claims to UNUM, but his final appeal was denied on September 28, 2021. Plaintiff has exhausted all required administrative remedies available to him under the plan. All conditions precedent to this cause of action have been met or have occurred.

8.      Plaintiff's long term disability contract provides benefits to Plaintiff to age 70 so long as Plaintiff continues to be disabled. Assuming a gross monthly benefit of $1,141.32 per month, Plaintiff's past due long term benefits to date total $11,413.20. There are no future benefits at issue in this case. All told, Plaintiff is owed $11,413.20 in past disability benefits.

9.      Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits he has been denied, clarification of his right to receive future benefits under the policy, attorney's fees and expenses incurred herein and other appropriate equitable relief.

        WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he have judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits under the policy, to which he may show himself justly entitled under the attending facts and circumstances.

3

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)
daniel@brrlaw.com
greg@brrlaw.com

By: _____

    DANIEL EARL MESSENGER
    State Bar No. 24128571

_____

    GREG REED
    State Bar No. 16677750

4